## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA,
## BEAUFORT DIVISION

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY, | ) ) ) | C/A No.:  **9:12-cv-1777-CWH** |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT** |
| LANCASTER REDEVELOPMENT CORPORATION; FOREST HOMES, a Division of Lancaster Redevelopment Corporation a/k/a FOREST HOMES SYSTEMS, INC. a/k/a FOREST HOMES; VILLAGE SQUARE BUILDERS, INC; KMG ASSOCIATES; GARY L. GROSSMANN a/k/a GARY GROSSMANN a/k/a GARY L. GROSSMAN a/k/a GARY GROSSMAN; SMART START BUILDING SYSTEMS; DESIGN BASICS, LLC; PLAN PROS, LLC; HOME BUILDERS NETWORK, LLC; and HARLEYSVILLE MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | (*Declaratory Judgment*) (*Insurance Contract*) (*Non-Jury Trial Demanded*) |
| Defendants. | ) ) | |

TO:   THE DEFENDANTS, LANCASTER REDEVELOPMENT CORPORATION; FOREST HOMES, a Division of Lancaster Redevelopment Corporation a/k/a FOREST HOMES SYSTEMS, INC. a/k/a FOREST HOMES; VILLAGE SQUARE BUILDERS, INC.; KMG ASSOCIATES; GARY L. GROSSMANN a/k/a GARY GROSSMANN a/k/a GARY L. GROSSMAN a/k/a GARY GROSSMAN; SMART START BUILDING SYSTEMS; DESIGN BASICS, LLC; PLAN PROS, LLC; HOME BUILDERS NETWORK, LLC; AND HARLEYSVILLE MUTUAL INSURANCE COMPANY:

The Plaintiff, Selective Way Insurance Company, complaining of the Defendants, Lancaster Redevelopment Corporation; Forest Homes, a Division of Lancaster Redevelopment Corporation a/k/a Forest Homes Systems, Inc. a/k/a Forest Homes; Village Square Builders, Inc., LLC; KMG Associates; Gary L. Grossmann a/k/a Gary Grossmann a/k/a Gary L. Grossman a/k/a Gary Grossman; Smart Start Building Systems; Design Basics, LLC; Plan Pros, LLC; Home Builders Network, LLC; and Harleysville Mutual Insurance Company, respectfully shows unto this District Court as follows:

## PARTY AND JURISDICTIONAL ALLEGATIONS

1.       The Plaintiff, Selective Way Insurance Company ("Selective Way"), is a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of New Jersey, with its principal place of business located in Branchville, New Jersey; however conducts the business of selling and providing various insurance coverages, including commercial general liability, to insureds in the State of South Carolina, in Beaufort County, and in the Town of Hilton Head Island, South Carolina under the auspices of, through the authority granted by, and with the permission of the South Carolina Department of Insurance.

2.       The Defendant, Lancaster Redevelopment Corporation ("Lancaster Redevelopment"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Pennsylvania, with its principal place of business located in the Town of Ridgeland, South Carolina; however conducts its business operations within, among other places, within Beaufort County, and in the Town of Hilton Head Island, South Carolina.

3.      The Defendant, Forest Homes, a Division of Lancaster Redevelopment Corporation a/k/a Forest Homes Systems, Inc. a/k/a Forest Homes ("Forest Homes"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Pennsylvania, with its principal place of business located in the City of Selinsgrove, Pennsylvania; however conducts its business operations within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina.

4.      The Defendant, Village Square Builders, Inc. ("Village Square Builders"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Pennsylvania, with its principal place of business located in the City of Selinsgrove, Pennsylvania; however conducts its business operations within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina.

5.      The Defendant, KMG Associates ("KMG Associates"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Pennsylvania, with its principal place of business located in the City of Paupack, Pennsylvania; however conducts its business operations within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina.

6.      The Defendant, Smart Star Building Systems ("Smart Start"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Pennsylvania, with its principal place of business located in the City of Selinsgrove, Pennsylvania; however conducts its business operations within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina.

7.      The Defendant, Gary L. Grossmann a/k/a Gary Grossmann a/k/a Gary L. Grossman a/k/a Gary Grossman ("Mr. Grossmann"), is, upon information and belief, a resident and citizen of Beaufort County, South Carolina, and is included herein as a party-defendant in that he has a significant interest in the outcome of this litigation and any decision rendered herein should be binding on him, his successors, and his assigns.  (*Lancaster Redevelopment, Forest Homes, Village Square Builders, KMG Associates, Smart Start, and Mr. Grossmann will be collectively referred to herein as "Lancaster Redevelopment" unless individual designation is required by the applicable context*).

8.      The Defendant, Design Basics, LLC ("Design Basics"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Nebraska, with its principal place of business located in the City of Omaha, Nebraska; however conducts its business operations within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina.

9.    The Defendant, Plan Pros, LLC ("Plan Pros"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Nebraska, with its principal place of business located in the City of Omaha, Nebraska; however conducts its business operations within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina.

10.    The Defendant, Home Builders Network, LLC ("Home Builders Network"), is, upon information and belief, a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Maryland, with its principal place of business located in the City of Mt. Airy, Maryland; however conducts its business operations within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina.  (*Design Basics, Plan Pros, and Home Builders Network will be collectively referred to herein as "Design Basics" unless individual designation is required by the applicable context*).

11.    The Defendant, Harleysville Mutual Insurance Company ("Harleysville Mutual"), is, upon information and belief, is a corporation organized and existing under the laws of a state other than the State of South Carolina, namely the State of Pennsylvania, with its principal place of business located in Harleysville, Pennsylvania; however conducts the business of selling and providing insurance to insureds in South Carolina, including within, among other places, Beaufort County, South Carolina, including within the Town of Hilton Head Island, South Carolina under the auspices and with the permission of the South Carolina Department of Insurance and is included

herein as a party-defendant in that it has a significant interest in the outcome of this litigation and any decision rendered herein should be binding on it, its successors, and assigns.

12.    This is a declaratory judgment action brought pursuant to Rule 57 of the *Federal Rules of Civil Procedure*, and 28 *U.S.C.* §§ 2201-2202 (West Group 1993 and Thomson Reuters West 2011).

13.    The jurisdiction of this District Court is based upon the diversity of the parties pursuant to 28 *U.S.C.* § 1332(a) (Thomson Reuters West 2011).

14.    The amount in controversy herein exceeds the sum of $75,000.00 exclusive of interest and costs.

15.    All matters and allegations herein contained are within the subject matter and personal jurisdiction of this District Court and venue is proper in this District Court and in the particular Division selected.

## FACTUAL ALLEGATIONS
(*The Insurance Policies*)

16.    Selective Way repeats and realleges each and every allegation heretofore contained in this Complaint as is fully set forth herein verbatim.

17.    On or about 1 January 1998, Selective Way issued a commercial general liability insurance policy (the "Selective Way CGL Policy S1381319A"), pursuant to Policy No. S 1381319, insuring Lancaster Redevelopment Corporation only from **1 January 1998, until 1 January 2000**).  (*A copy of the Selective Way CGL Policy S1381319A is attached hereto as **Exhibit "A"** and incorporated herein by reference*).

18.    On or about 1 January 2000, Selective Way issued a commercial general liability insurance policy (the "Selective Way CGL Policy S1381319B"), also pursuant to Policy No. S 1381319, insuring Lancaster Redevelopment Corporation; Forest Homes, a Division of Lancaster Redevelopment Corporation; and Village Square Builders, Inc. from **1 January 2000, until 1 January 2004**.  (*A copy of the Selective Way CGL Policy S1381319B is attached hereto as* **Exhibit "B"** *and incorporated herein by reference*).

19.    On or about 28 May 2005, Selective Way issued a commercial general liability insurance policy (the "Selective Way CGL Policy S1573689"), insuring Smart Start Building Systems, KMG Associates, Lancaster Redevelopment Corporation, Forest Homes; Village Square Builders, and Gary L. Grossman from **28 May 2005, until 28 May 2006**.  (*A copy of the Selective Way CGL Policy S1573689 is attached hereto as* **Exhibit "C"** *and incorporated herein by reference*).

20.    In addition to the commercial general liability coverage provided to the insureds under the Selective Way CGL Policy S1573689, that insurance policy also contained a section which provided the insured with certain limits of commercial umbrella liability coverage.

21.    On or about 17 June 2009, Selective Way issued a commercial general liability insurance policy (the "Selective Way CGL Policy S1912012"), insuring Lancaster Redevelopment Corporation only from **17 June 2009, until 17 June 2010**); (*A copy of the Selective Way CGL Policy S1912012 is attached hereto as* **Exhibit "D"** *and incorporated herein by reference*).

22.     The Selective Way CGL Policy S1381319A, the Selective Way CGL Policy S1381319B, the Selective Way CGL Policy S1573689, and the Selective Way CGL Policy S1912012 (collectively the "Selective Way CGL Policies") provided insurance coverage for the insureds named and/or designated therein for certain liability risks under the insuring agreement and, in turn, excluded certain liability risks pursuant to and through various policy exclusions.  All of the terms, conditions, obligations, and duties under and pursuant to the Selective Way CGL Policies are incorporated herein by reference.

## *Selective Way CGL Policy S1381319A*
### *(In Effect From 1 January 1998, until 1 January 2000)*

23.     The Selective Way CGL Policy S1381319A, in effect from 1 January 1998, until 1 January 2000, provided, in pertinent part, in the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, through **SECTION I – COVERAGES**, as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1.     **Insuring Agreement**

   a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this coverage part applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result; but

   (1)     The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

   (2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS — COVERAGES A AND B.

**b.** This insurance applies to:

**(1)** "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting[,] or telecasting done by you;

**(2)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products[,] or services;

but only if the offense was committed in the "coverage territory" during the policy period.

24.     The Selective Way CGL Policy S1381319A, in effect from 1 January 1998, until 1 January 2000, provided, in pertinent part, in the same coverage form, pursuant to the same section, through Paragraph **2.** entitled **Exclusions**, as follows:

This insurance does not apply to:

**a.** "Personal injury" or "advertising" injury":

**(1)** Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(2)** Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period; [or]

**(3)** Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured[.]

**b.** "Advertising injury" arising out of:

**(1)** Breach of contract, other than misappropriation of advertising ideas under an implied contract;

**(2)** The failure of goods, products[,] or services to conform with advertised quality of performance;

**(3)** The wrong description of the price of goods, products[,] or services; or

**(4)** An offense committed by the insured whose business is advertising, broadcasting, publishing[,] or telecasting.

25.     The Selective Way CGL Policy S1381319A, in effect from 1 January 1998, until 1 January 2000, provided, in pertinent part, in the same coverage form, pursuant to **SECTION II – WHO IS AN INSURED**, as follows:

**1.**     If you are designated in the Declarations as:

**a.**     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.**     A partnership or joint venture, you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.**     An organization other than a partnership or joint venture, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

26.     The Selective Way CGL Policy S1381319A, in effect from 1 January 1998, until 1 January 2000, provided, in pertinent part, in the same coverage form, pursuant to **SECTION V - DEFINITIONS**, as follows:

**1.**     "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products[,] or services for the purpose of attracting customers or supporters.  For the purposes of this definition:

**a.**     Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.**     Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

* * *

9.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

10. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.  False arrest, detention[,] or imprisonment;

   b.  Malicious prosecution;

   c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling[,] or premises that a person occupies, committed by or on behalf of its owner, landlord[,] or lessor;

   d.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products[,] or services;

   e.  Oral or written publication, in any manner, of material that violates a person's right of privacy.

## *Selective Way CGL Policy S1381319B*
## *(In Effect From 1 January 2000, until 1 January 2004)*

27.  The Selective Way CGL Policy S1381319B, in effect from 1 January 2000, until 1 January 2004, provided, in pertinent part, in the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, through **SECTION I – COVERAGES**, as follows:

**COVERAGE B.  PERSONAL AND ADVERTISING INJURY LIABILITY**

1.  **Insuring Agreement**

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this coverage part applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our own discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result.  But:

      (1)  The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

    **(2)**    Our right and duty to defend end[s] when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage[s] A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS — COVERAGES A AND B.

**b.**    This insurance applies to:

    **(1)**    "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting[,] or telecasting done by or for you;

    **(2)**    "Advertising injury" caused by an offense committed in the course of advertising your goods, products[,] or services;

but only if the offense was committed in the "coverage territory" during the policy period.

28.    The Selective Way CGL Policy S1381319B, in effect from 1 January 2000, until 1 January 2004, provided, in pertinent part, in the same coverage form, pursuant to the same section, through Paragraph **2.** entitled **Exclusions**, as follows:

This insurance does not apply to:

**a.**    "Personal injury" or "advertising" injury":

    **(1)**    Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

    **(2)**    Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period; [or]

    **(3)**    Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured[.]

**b.**    "Advertising injury" arising out of:

    **(1)**    Breach of contract, other than misappropriation of advertising ideas under an implied contract;

    **(2)**    The failure of goods, products[,] or services to conform with advertised quality of performance;

    **(3)**    The wrong description of the price of goods, products[,] or services; or

    **(4)**    An offense committed by the insured whose business is advertising, broadcasting, publishing[,] or telecasting.

29.    The Selective Way CGL Policy S1381319B, in effect from 1 January 2000, until 1 January 2004, provided, in pertinent part, in the same coverage form, pursuant to

**SECTION II – WHO IS AN INSURED**, as follows:

    **1.**    If you are designated in the Declarations as:

    **a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    **b.**    A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.**    An organization other than a partnership or joint venture, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

30.    The Selective Way CGL Policy S1381319B, in effect from 1 January 2000, until 1 January 2004, provided, in pertinent part, in the same coverage form, pursuant to

**SECTION V - DEFINITIONS**, as follows:

    **1.**    "Advertising injury" means injury arising out of one or more of the following offenses:

    **a.**    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products[,] or services.

    **b.**    Oral or written publication of material that violates a person's right of privacy;

    **c.**    Misappropriation of advertising ideas or style of doing business; or

    **d.**    Infringement of copyrights, title[,] or slogan.

* * *

**9.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**10.**    "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention[,] or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling[,] or premises that a person occupies, committed by or on behalf of its owner, landlord[,] or lessor;

    **d.**    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products[,] or services;

    **e.**    Oral or written publication of material that violates a person's right of privacy.

### *Selective Way CGL Policy S1573689 – CGL Section*
### *(In Effect From 28 May 2005, until 28 May 2009)*

    31.    The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, through **SECTION I – COVERAGES**, as follows:

**COVERAGE B.  PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

damages for "personal and advertising injury" to which this insurance does not apply. We may, at our own discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

**(2)** Our right and duty to defend end[s] when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS — COVERAGES A AND B.**

**b.** This insurance applies to "Personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

32. The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the same coverage form, pursuant to the same section, through Paragraph **2.** entitled **Exclusions**, as follows:

This insurance does not apply to:

**a.    Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.    Material Published With  Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.    Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

* * *

**i.**    **Infringement Of Copyright, Patent, Trademark[,] or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret[,] or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertising", of copyright, trade dress[,] or slogan.

33.    The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the same coverage form, pursuant to

**SECTION II – WHO IS AN INSURED**, as follows:

**1.**    If you are designated in the Declarations as:

**a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.**    A partnership or joint venture, you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.**    A limited liability company, you are an insured.  Your members are insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

**d.**    An organization other than a partnership or joint venture, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e.**    A trust, you are an insured.  Your trustees are also insureds, but only with respect to their duties as trustees.

34.    The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the same coverage form, pursuant to **SECTION V - DEFINITIONS**, as follows:

1.    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products[,] or services for the purpose of attracting customers or supporters.  For the purpose of this definition:

   a.    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b.    Regarding web-sites, only that part of a web-site that is about your goods, products[,] or services for the purpose or attracting customers or supporters is considered an advertisement.

* * *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one more of the following offenses:

   a.    False arrest, detention[,] or imprisonment;

   b.    Malicious prosecution;

   c.    Wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling[,] or premises that a person occupies; committed by or on behalf of its owner, landlord or lessor;

   d.    Oral or written publication in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products[,] or services;

   e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f.    The use of another's advertising idea in your "advertisement"; or

   g.    Infringing upon another's copyright, trade dress[,] or slogan in your "advertisement".

    **h.**    Discrimination because of race, religion, age, sex or physical disability.

        This does not apply:

        **(1)**    To offenses committed by or at the direction of the insured; or

        **(2)**    If insurance for such offenses is prohibited by law:

        committed during the policy period.

* * *

**9.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**10.**    "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention[,] or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling[,] or premises that a person occupies, committed by or on behalf of its owner, landlord[,] or lessor;

    **d.**    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products[,] or services;

    **e.**    Oral or written publication of material that violates a person's right of privacy.

### _Selective Way CGL Policy S1573689 – UMB Section_<br>_(In Effect From 28 May 2005, until 28 May 2009)_

    35.    The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the **COMMERCIAL UMBRELLA LIABILITY COVERAGE** form, through **SECTION I – COVERAGES**, as follows:

    **A.**    **Insuring Agreement**

        **1.**    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage"[,] or "personal and advertising

injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage"[,] or "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" or offense that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:

a.    The amount we will pay for the "ultimate net loss" is limited as described in **Section III – Limits of Insurance**; and

b.    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlement.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section I – Coverages, C. Supplementary Payments.**

\* \* \*

6.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

33.    The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the **COMMERCIAL UMBRELLA LIABILITY COVERAGE** form, pursuant to the same section, through Paragraph **B.** entitled **Exclusions**, as follows:

This insurance does not apply to:

\* \* \*

14.    **Personal and Advertising Injury**

    a.    **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    b.    **Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

    c.    **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period. All "personal and advertising injury" arising out of publication of the same or similar material subsequent to the beginning of the policy period is also excluded.

\* \* \*

    h.    **Infringement Of Copyright, Patent, Trademark[,] or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret[,] or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertising", of copyright, trade dress[,] or slogan.

34.    The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the **COMMERCIAL UMBRELLA**

**LIABILITY COVERAGE** form, pursuant to **SECTION II – WHO IS AN INSURED**, as follows:

    **A.**    Except for liability arising out of the ownership, maintenance, or use of "covered autos":

        **1.**    If you are designated in the Declarations as:

            **a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

            **b.**    A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

            **c.**    A limited liability company, you are an insured. Your members are insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

            **d.**    An organization other than a partnership or joint venture, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

            **e.**    A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

* * *

        **4.**    Any other person or organization insured under any policy of "underlying insurance". The coverage afforded such insureds under this policy will not be broader than the "underlying insurance" except for this policy's Limits of Insurance.

        **5.**    Any additional insured under any policy of "underlying insurance" will automatically be insured under this insurance.

* * *

        Additional insured coverage provided by this policy will not be broader than coverage provided by "underlying insurance".

35.     The Selective Way CGL Policy S1573689, in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the **COMMERCIAL UMBRELLA LIABILITY COVERAGE** form, pursuant to **SECTION V - DEFINITIONS**, as follows:

1.     "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products[,] or services for the purpose of attracting customers or supporters.  For the purpose of this definition:

   a.     Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b.     Regarding web-sites, only that part of a web-site that is about your goods, products[,] or services for the purpose or attracting customers or supporters is considered an advertisement.

* * *

12.    "Occurrence" means:'

* * *

   b.     An offense that results in "personal and advertising injury". This does not include an offense committed with actual malice.  All damages that arise from the same general conditions shall be deemed to arise from one "Occurrence". All damages involving the same injurious act, regardless of the frequency, repetition[,] or the number or kind of media used, or the number of claimants shall be deemed to arise from one "occurrence".

13.    "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one more of the following offenses:

   a.     False arrest, detention or imprisonment;

   b.     Malicious prosecution;

   c.     Wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies; committed by or on behalf of its owner, landlord or lessor;

   d.     Oral or written publication in any manner of material that violates a person's right of privacy; or

**e.**    Oral or written publication in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or service.

**f.**    The use of another's advertising idea in your "advertisement"; or

**g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**h.**    Discrimination because of race, religion, age, sex or physical disability.

This does not apply:

**(3)**    To offenses committed by or at the direction of the insured; or

**(4)**    If insurance for such offenses is prohibited by law:

committed during the policy period.

\* \* \*

23.    "Ultimate net loss" means the total of the following sums for each "occurrence" to which this policy applies:

**a.**    All sums for which the insured becomes legally obligated to pay as damages, either by reason of adjudication or settlement or any arbitration or other alternate dispute method entered into with our consent or the "underlying insurer's" consent.  This includes deduction for recoveries and salvages paid or to be paid.

**b.**    All expenses, other than defense settlement expenses provided in **Section I – Coverages, C. Supplementary Payments** incurred by or on behalf of the insured in the investigation, negotiation, settlement[,] and defense of any "suit" seeking damages under this policy.  However, the salaries of the insured's regular employees are excluded.

24.    "Underlying insurance" means any policies of insurance listed in the Declarations under the section titled Schedule of Underlying Insurance and Limits.

25.    "Underlying insurer" means any insurer who provides any policy of insurance listed in the schedule of "underlying insurance".

26.    "Underlying policy" means a policy providing "Underlying Insurance" or any other applicable insurance.

36.     The Selective Way CGL Policy S1573689 (Commercial Umbrella Liability), in effect from 28 May 2005, until 28 May 2009, provided, in pertinent part, in the **PERSONAL AND ADVERTISING INJURY LIABILITY LIMITATION** endorsement form, as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM
>
> This insurance does not apply to any claims made or "suits" brought against the insured for liability arising out of "personal and advertising injury".
>
> This exclusion does not apply to the extent that coverage is provided for the insured by "underlying insurance".

### *Selective Way CGL Policy S1912012*
### *(In Effect From 17 June 2009, until 17 June 2011)*

37.     The Selective Way CGL Policy S1912012 in effect from 17 June 2009, until 17 June 2011, provided, in pertinent part, in the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, through **SECTION I – COVERAGES**, as follows:

> **COVERAGE B.  PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1.     Insuring Agreement**
>
> **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our own discretion, investigate any offense and settle any claim or "suit" that may result.  But:

**(1)** The amount we will pay for damages is limited as described in **Section III** – Limits Of Insurance; and

**(2)** Our right and duty to defend end[s] when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A AND B.**

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

38. The Selective Way CGL Policy S1912012, in effect from 17 June 2009, until 17 June 2011, provided, in pertinent part, in the same coverage form, pursuant to the same section, through Paragraph **2.** entitled **Exclusions**, as follows:

This insurance does not apply to:

**a.     Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.     Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.     Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

* * *

**i.**     **Infringement Of Copyright, Patent, Trademark[,] or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret[,] or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress[,] or slogan.

39.     The Selective Way CGL Policy S1912012, in effect from 17 June 2009, until 17 June 2011, provided, in pertinent part, in the same coverage form, pursuant to **SECTION II – WHO IS AN INSURED**, as follows:

**1.**     If you are designated in the Declarations as:

    **a.**     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    **b.**     A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.**     A limited liability company, you are an insured. Your members are insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.**     An organization other than a partnership or joint venture, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    **e.**     A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

40.    The Selective Way CGL Policy S1912012, in effect from 17 June 2009, until 17 June 2011, provided, in pertinent part, in the same coverage form, pursuant to **SECTION V - DEFINITIONS**, as follows:

1.    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products[,] or services for the purpose of attracting customers or supporters.  For the purpose of this definition:

    **a.**    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    **b.**    Regarding web-sites, only that part of a web-site that is about your goods, products[,] or services for the purpose or attracting customers or supporters is considered an advertisement.

* * *

13.    "Occurrence" means and accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    Wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies; committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication in any manner of material that violates a person's right of privacy; or

    **e.**    Oral or written publication in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or service.

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

## FACTUAL ALLEGATIONS
*(The Alleged Advertising/Copyright Violations)*

37.    Selective Way repeats and realleges each and every allegation heretofore contained in this Complaint as is fully set forth herein verbatim.

38.    Upon information and belief, Design Basics is in the business of publishing and licensing architectural house designs which are published on various (a) internet web sites, (b) books, and (c) periodicals (such as home buyer guides).

39.    Upon information and belief, Design Basics' customers typically select a building design from one of Design Basics' various internet websites or print media and, in turn, proceed to order a copy of the construction drawings and site elevations for that design from Design Basics.

40.    Upon information and belief, when the public purchased construction plans and/or design elevations the purchase necessarily carried with it a license from Design Basics authorizing the purchaser to construct the home depicted in the design.

41.    Upon information and belief, in the course of its business Design Basics registered a number of residential building designs. under the *Architectural Works Copyright Protection Act of 1990* (the "*AWCPA*"), including Plan No. 3123 – the "*Bethany*", Plan No. 29079 – the "*Winstrom*", Plan No. 8617 – the "*Hinshaw*", and Plan No. 8631 – the "*Bloomington*" (collectively the "Copyrighted Works").

42.    Upon information and belief, Design Basics' various registrations may have included not only the architectural designs, but also the blueprints and the roof packages.

43.    Upon information and belief, Lancaster Redevelopment is in the business of developing and improving real estate through the development of residential subdivisions and the construction of single-family residential homes in various locations, including on Hilton Head Island, South Carolina.

44.    Upon information and belief, Lancaster Redevelopment uses residential building plans/blueprints and site elevations in the construction of its single-family residential homes, including each of the homes Lancaster Development has built or is in the process of building on Hilton Head Island.

45.    Upon information and belief, Lancaster Redevelopment has displayed various home sites, photographs, and/or building plans (a) on its internet webpages, (b) in its brochures and posters, (c) in its blueprints, and (d) in its promotional and publicity materials.

## FACTUAL ALLEGATIONS
*(The Underlying Litigation)*

46.    Selective Way repeats and realleges each and every allegation heretofore contained in this Complaint as is fully set forth herein verbatim.

47.    On 2 December 2010, Design Basics sued Lancaster Redevelopment and others in this United States District Court in an action captioned *Design Basics, LLC; Plan Pros, Inc.; and Home Builders Network, LLC v. Lancaster Redevelopment Corporation; Forest Homes Systems, Inc.; Building Solutions Since 1977, LLC; Smart Start Building Systems, Inc.; Smart Start Building Systems by KMG & Associates, Inc.; Gary L. Grossman; Hilton Head Homes at Allenwood, LLC; Village Square*

*Development Company, LLC; Forest Homes of Lake Wallenpauack, Inc.; Kevin D. Coutts; Forest Fitzer Homes, LLC; and Richard A. Fitzer, II* (Civil Action No.: 9:10-cv-03079-CWH, filed 2 December 2010) (the "Underlying Litigation"). (*A copy of the Complaint in the Underlying Litigation is attached hereto as* **Exhibit "D"** *and incorporated herein by reference*).

48.    Design Basics asserted claims against Lancaster Redevelopment for alleged violations of the *Copyright Act of 1976* (the "*Copyright Act*"), the *Architectural Works Copyright Protection Act of 1990* (the "*AWCPA*"), and the *Digital Millennium Copyright Act* (the "*DMCA*").

49.    Design Basics has also asserted causes of action against Lancaster Development for copyright infringement (direct infringement) (*Complaint*, paras. 21-26, 28-49), declaratory relief (*Complaint*, paras. 21-26, 51-52), and alleged violations of the *DMCA*. (*Complaint*, paras. 21-26, 53-61).

50.    Design Basics has sought, among other things, actual damages, attorneys' fees, litigation costs, injunctive relief, and statutory damages.

51.    Harleysville Mutual, upon information and belief, provided commercial general liability insurance coverage to Lancaster Development under either the same or substantially similar terms and conditions as did Selective Way.

52.    Harleysville Mutual, upon information and belief, provided commercial general liability insurance coverage to Lancaster Development for one or more policy periods encompassed within the time frame addressed herein.

53.    Upon information and belief, Lancaster Redevelopment advised Selective Way of the Underlying Litigation and requested Selective Way to provide Lancaster Redevelopment with a legal defense and indemnification vis-à-vis Design Basics' claims and/or join in with other liability insurance carriers to jointly provide Lancaster Redevelopment with a legal defense and indemnification vis-à-vis Design Basics' claims.

54.    Selective Way has been providing and continues to provide Lancaster Redevelopment with a legal defense in the Underlying Litigation; however Selective Way's provision of such a legal defense is being done under a full and complete reservation of rights.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment – Non-Insured Parties)

55.    Selective Way repeats and realleges each and every allegation heretofore contained in this Complaint as is fully set forth herein verbatim.

36.    The Selective Way CGL Policies, if applicable in the first instance, do not provide liability insurance coverage for "personal and advertising injury" to any parties hereto other than (a) Lancaster Redevelopment Corporation (Selective Way CGL Policy S1381319A – 1 January 1998, until 1 January 2000), (b) Lancaster Redevelopment Corporation; Forest Homes, a Division of Lancaster Redevelopment Corporation; and Village Square Builders, Inc. (Selective Way CGL Policy S1381319B – 1 January 2000, until 1 January 2004), (c) Smart Start Building Systems, KMG Associates, Lancaster

Redevelopment Corporation, Forest Homes; Village Square Builders, and Gary L. Grossman (Selective Way CGL Policy S1573689 – 28 May 2005, until 28 May 2009); and (d) Lancaster Redevelopment Corporation (Selective Way CGL Policy S1912012 – 17 June 2009, until 17 June 2011).

37.    Hilton Head Homes at Allenwood, LLC ("HH Homes Allenwood") does not appear as a Named Insured or Additional Insured on any of the Selective Way CGL Policies.

38.    Village Square Development Company, LLC ("Village Square Dev.") does not appear as a Named Insured or Additional Insured on any of the Selective Way CGL Policies.

39.    Forest Homes of Lake Wallenpauack, Inc. ("Forest Homes – Wallenpauack") does not appear as a Named Insured or Additional Insured on any of the Selective Way CGL Policies.

40.    Kevin D. Coutts ("Mr. Coutts") does not appear as a Named Insured or Additional Insured on any of the Selective Way CGL Policies.

41.    Forest Fitzer Homes, LLC ("Forest Fitzer Homes") does not appear as a Named Insured or Additional Insured on any of the Selective Way CGL Policies.

42.    Richard A. Fitzer, II ("Mr. Fitzer") does not appear as a Named Insured or Additional Insured on any of the Selective Way CGL Policies.

56.    Selective Way is entitled to a declaration by this District Court that neither (a) HH Homes Allenwood, (b) Village Square Dev., (c) Forest Homes – Wallenpauack, (d) Mr. Coutts, (e) Forest Fitzer Homes, nor (f) Mr. Fitzer are not insured under any of the Selective Way CGL Policies, either directly or indirectly.

57.    Selective Way is entitled to a declaration by this District Court that since neither (a) HH Homes Allenwood, (b) Village Square Dev., (c) Forest Homes – Wallenpauack, (d) Mr. Coutts, (e) Forest Fitzer Homes, nor (f) Mr. Fitzer are insured (either directly or indirectly) under any of the Selective Way CGL Policies, then Selective Way is not required to provide either (a) HH Homes Allenwood, (b) Village Square Dev., (c) Forest Homes – Wallenpauack, (d) Mr. Coutts, (e) Forest Fitzer Homes, and/or (f) Mr. Fitzer with a legal defense in the Underlying Action.

58.    Selective Way is entitled to a declaration by this District Court that since neither (a) HH Homes Allenwood, (b) Village Square Dev., (c) Forest Homes – Wallenpauack, (d) Mr. Coutts, (e) Forest Fitzer Homes, nor (f) Mr. Fitzer are insured (either directly or indirectly) under any of the Selective Way CGL Policies, then Selective Way is not required to provide either (a) HH Homes Allenwood, (b) Village Square Dev., (c) Forest Homes – Wallenpauack, (d) Mr. Coutts, (e) Forest Fitzer Homes, and/or (f) Mr. Fitzer with any indemnification as a result of the Underlying Action.

## SECOND CAUSE OF ACTION
### (*Declaratory Judgment – No Liability Coverage*)

59.    Selective Way repeats and realleges each and every allegation heretofore contained in this Complaint as is fully set forth herein verbatim.

60.    The Selective Way Polices provide, in pertinent part, that while there may be liability coverage (including a legal defense or indemnification) for "personal injury" caused by an offense arising out of the insured's business, there is no liability coverage (including a legal defense or indemnification) for either advertising, publishing, broadcasting, and/or telecasting done by or for the insured.

61.     The Selective Way Policies provide, in pertinent part, that there may be liability coverage (including a legal defense or indemnification) for an "advertising injury" caused by an offense committed in the course of the advertising of the insured's goods, products, and/or services, such "advertising injury" offense must have been committed in the Selective Way Policies' "coverage territory" and during an applicable policy period.

62.     The Selective Way Policies provide, in pertinent part, that there is no liability insurance coverage (including a legal defense or indemnification) for "personal injury" and/or "advertising injury" which has arisen out of an oral or written publication of material, which publication has been done by or at the direction of the insured with knowledge of the falsity of the publication.

63.     The Selective Way Policies provide, in pertinent part, that there is no liability insurance coverage (including a legal defense or indemnification) for "personal injury" and/or "advertising injury" which has arisen out of an oral or written publication of material whose first publication took place before the beginning of an applicable policy period.

64.     The Selective Way Policies provide, in pertinent part, that there is no liability insurance coverage (including a legal defense or indemnification) for "personal injury" and/or "advertising injury" which has arisen out of the willful violation of a penal statute and/or ordinance and which was committed by an insured or with an insured's consent.

65.    The Selective Way Policies provide, in pertinent part, that there is no liability insurance coverage (including a legal defense or indemnification) for "personal and advertising injury" which arises out of an offense committed by an insured whose business is advertising, broadcasting, publishing, and/or telecasting.

66.    The Selective Way Policies provide, in pertinent part, that there is no liability insurance coverage (including a legal defense or indemnification) for "personal and advertising injury" which has arisen out of the willful violation of a penal statute and/or ordinance and which was committed by an insured or with an insured's consent.

67.    The Selective Way Policies provide, in pertinent part, that there is no liability insurance coverage (including a legal defense or indemnification) for "personal and advertising injury" caused by an insured or at an insured's direction with the knowledge that the action and/or offense would violate the rights of another and would inflict "personal and advertising injury".

68.    Selective Way is entitled to a declaration by this District Court that Lancaster Development's actions, endeavors, activities, and/or offenses in this matter as they may affect Design Basics constitute actions, endeavors, activities, and/or offenses which are fully and completely are excluded from liability insurance coverage under all of the Selective Way CGL Policies and, therefore, Selective Way is not required to provide Lancaster Development with a legal defense in the Underlying Action.

69.    Selective Way is entitled to a declaration by this District Court that Lancaster Development's actions, endeavors, activities, and/or offenses in this matter as they may affect Design Basics constitute acts, endeavors, activities, actions, and/or offenses are excluded from liability insurance coverage under the Selective Way CGL Policies and, therefore, Selective Way is not required to provide Lancaster Development with any indemnification as the result of the Underlying Action.

70.    Selective Way is entitled to a declaration by this District Court that the terms and conditions of the Selective Way CGL Policies, including all exclusions, do not obligate Selective Way to provide Lancaster Development or any other insured any liability insurance coverage indemnification regarding the claims set forth by Design Basics in the Underlying Action.

71.    Selective Way is entitled to a declaration by this District Court that the terms and conditions of the Selective Way CGL Policies, including all exclusions, do not obligate Selective Way to provide Lancaster Development or any other insured any with a legal defense against the claims set forth by Design Basics in the Underlying Action.

WHEREFORE, the Plaintiff, Selective Way Insurance Company, having fully complained against the Defendants, Lancaster Redevelopment Corporation; Forest Homes, a Division of Lancaster Redevelopment Corporation a/k/a Forest Homes Systems, Inc. a/k/a Forest Homes; Village Square Builders, Inc. a/k/a Village Square Development Company, LLC; KMG Associates; Gary L. Grossmann a/k/a Gary Grossmann a/k/a Gary L. Grossman a/k/a Gary Grossman; Smart Start Building Systems; Design Basics, LLC; Plan Pros, LLC; Home Builders Network, LLC; and Harleysville Mutual Insurance Company, respectfully request this District Court to:

a.    Declare the Selective Way CGL Policies do not require Selective Way to provide liability insurance coverage to either HH Homes Allenwood, Village Square Dev., Forest Homes – Wallenpauack, Mr. Coutts, Forest Fitzer Homes, or Mr. Fitzer for the claims asserted against them by Design Basics in the Underlying Action;

b.    Declare the Selective Way CGL Policies do not require Selective Way to provide a legal defenses to either HH Homes Allenwood, Village Square Dev., Forest Homes – Wallenpauack, Mr. Coutts, Forest Fitzer Homes, or Mr. Fitzer for the claims asserted against them by Design Basics in the Underlying Action;

c.    Declare the Selective Way CGL Policies do not require Selective Way to provide any liability indemnification or indemnification whatsoever to either HH Homes Allenwood, Village Square Dev., Forest Homes – Wallenpauack, Mr. Coutts, Forest Fitzer Homes, or Mr. Fitzer for the claims asserted against them by Design Basics in the Underlying Action;

d.    Declare that the actions, endeavors, activities, and/or offenses performed, undertaken, and/or perpetuated by Lancaster Development as they may affect Design Basics constitute actions, endeavors, activities, and/or offenses which are excluded from liability insurance coverage under all of the Selective Way CGL Policies;

e.    Declare that the actions, endeavors, activities, and/or offenses performed, undertaken, and/or perpetuated by Lancaster Development as they may affect Design Basics constitute actions, endeavors, activities, and/or offenses which are excluded from liability insurance coverage and, in turn, which have eliminated any obligation by Selective Way to provide Lancaster Development with a legal defense against Design Basics' claims against Lancaster Development in the Underlying Action;

f.    Declare that the actions, endeavors, activities, and/or offenses performed, undertaken, and/or perpetuated by Lancaster Development as they may affect Design Basics constitute actions, endeavors, activities, and/or offenses which are excluded from liability insurance coverage and, in turn, which have eliminated any obligation by Selective Way to provide Lancaster Development with an liability indemnification and/or indemnification whatsoever arising out of Design Basics' claims against Lancaster Development in the Underlying Action;

g.    For the costs and disbursements of this action; and

h.    For such other relief as this District Court deems just and proper under the circumstances.

Respectfully submitted:

*NEXSEN PRUET, LLC*

By:    **_s/Stephen P. Groves, Sr._**
        Bradish J. Waring, Esquire
        Federal I.D. No.:    4523
        Stephen P. Groves, Sr., Esquire
        Federal I.D. No.:    2490
        205 King Street, Suite 400
        Charleston, South Carolina  29401
        Telephone:        843.720.1725
        Telecopier:        843.720.1777
        E-Mail:            SGroves@nexsenpruet.com

*Attorneys for the Plaintiff,*
*    Selective Way Insurance Company*

Charleston, South Carolina

27 June 2012