UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY,<br>　　　　Plaintiff,<br><br>vs.<br><br>LANCASTER REDEVELOPMENT CORPORATION; FOREST HOMES, A Division of Lancaster Redevelopment Corporation a/k/a FOREST HOMES; VILLAGE SQUARE BUILDERS, INC.; KMG ASSOCIATES; GARY L. GROSSMAN a/k/a GARY L. GROSSMAN; SMART START BUILDING SYSTEMS; DESIGN BASICS, LLC; PLAN PROS, LLC; HOME BUILDERS NETWORK, LLC; and HARLEYSVILLE MUTUAL INSURANCE COMPANY<br>　　　　Defendants. | Civil Action No. 9:12-cv-1777-CWH<br><br>DESIGN BASICS, LLC'S, PRO PLANS, LLC'S, and HOME BUILDERS NETWORK, LLC'S<br>ANSWER<br><br>(Declaratory Judgment) |

Defendants, Design Basics, LLC, Pro Plans, LLC, and Home Builders Network, LLC, (collectively, hereafter, "Design Defendants") submit this Answer and respectfully would show this Court the following:

**FOR A FIRST DEFENSE**

1.　Any allegation of the complaint not hereinafter specifically denied, admitted or otherwise responded to shall be deemed denied.

**PARTY AND JURISDICTIONAL ALLEGATIONS**

2.　The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

3.　The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

- 1 -

4. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

6. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

7. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

8. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

9. The Design Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

10. The Design Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

11. The Design Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

12. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

13. The Design Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

14. The Design Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

15. The Design Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

16. The Design Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**
(*The Insurance Policies*)

17. The Design Defendants have responded to the allegations referenced in Paragraph 16 of Plaintiff's Complaint. Any remaining allegations are denied.

18. The Design Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

19. The Design Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

20. The Design Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

21. The Design Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

22. The Design Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

23. The Design Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Complaint.

*Selective Way CGL Policy S1381319A*
(*In Effect From 1 January 1998 until 1 January 2000*)

24. The Design Defendants admit the Selective Way CGL Policy S1381319A, as identified in Paragraph 17 of Plaintiff's Complaint, contains certain provisions as set forth in

Paragraph 23 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

25. The Design Defendants admit the Selective Way CGL Policy S1381319A, as identified in Paragraph 17 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 24 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

26. The Design Defendants admit the Selective Way CGL Policy S1381319A, as identified in Paragraph 17 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 25 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

27. The Design Defendants admit the Selective Way CGL Policy S1381319A, as identified in Paragraph 17 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 26 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

<u>*Selective Way CGL Policy S1381319B*</u>
(*In Effect From 1 January 2000 until 1 January 2004*)

28. The Design Defendants admit the Selective Way CGL Policy S1381319B, as identified in Paragraph 18 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 27 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

29. The Design Defendants admit the Selective Way CGL Policy S1381319B, as identified in Paragraph 18 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 28 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

30. The Design Defendants admit the Selective Way CGL Policy S1381319B, as identified in Paragraph 18 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 29 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

31. The Design Defendants admit the Selective Way CGL Policy S1381319B, as identified in Paragraph 18 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 30 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

### *Selective Way CGL Policy S1573689 – CGL Section*
(*In Effect From 28 May 2005 until 28 May 2009*)

32. The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 31 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

33. The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 32 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

34. The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 33 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

35. The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in

Paragraph 34 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

### *Selective Way CGL Policy S1573689 – UMB Section*
(*In Effect From 28 May 2005 until 28 May 2009*)

36.     The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 35 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

37.     The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 33 of Plaintiff's Complaint on page 20 (duplicate paragraph number), but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

38.     The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 34 of Plaintiff's Complaint on pages 20–21 (duplicate paragraph number), but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

39.     The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 35 of Plaintiff's Complaint on pages 22–23 (duplicate paragraph number), but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

40. The Design Defendants admit the Selective Way CGL Policy S1573689, as identified in Paragraph 19 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 36 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

*<u>Selective Way CGL Policy S1912012</u>*
(*In Effect From 17 June 2009 until 17 June 2011*)

41. The Design Defendants admit the Selective Way CGL Policy S1912012, as identified in Paragraph 21 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 37 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

42. The Design Defendants admit the Selective Way CGL Policy S1912012, as identified in Paragraph 21 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 38 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

43. The Design Defendants admit the Selective Way CGL Policy S1912012, as identified in Paragraph 21 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 39 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

44. The Design Defendants admit the Selective Way CGL Policy S1912012, as identified in Paragraph 21 of Plaintiff's Complaint, contains certain provisions as set forth in Paragraph 40 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

## FACTUAL ALLEGATIONS
(*The Alleged Advertising / Copyright Violations*)

45.     The Design Defendants have responded to the allegations referenced in Paragraph 37 on page 28 of Plaintiff's Complaint (duplicate paragraph number). Any remaining allegations are denied.

46.     The Design Defendants admit the allegations contained in Paragraph 38 on page 28 of Plaintiff's Complaint (duplicate paragraph number).

47.     The Design Defendants admit the allegations contained in Paragraph 39 on page 28 of Plaintiff's Complaint (duplicate paragraph number).

48.     The Design Defendants admit the allegations contained in Paragraph 40 on page 28 of Plaintiff's Complaint (duplicate paragraph number).

49.     The Design Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

50.     The Design Defendants admit the allegations contained in Paragraph 42 of Plaintiff's Complaint.

51.     The Design Defendants admit the allegations contained in Paragraph 43 of Plaintiff's Complaint.

52.     The Design Defendants admit the allegations contained in Paragraph 44 of Plaintiff's Complaint.

53.     The Design Defendants admit the allegations contained in Paragraph 45 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS
(*The Underlying Litigation*)

54.     The Design Defendants have responded to the allegations referenced in Paragraph 46 of Plaintiff's Complaint. Any remaining allegations are denied.

55. The Design Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Complaint.

56. The Design Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Complaint.

57. The Design Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

58. The Design Defendants admit the allegations contained in Paragraph 50 of Plaintiff's Complaint.

59. Upon information and belief, the Design Defendants admit the allegations contained in Paragraph 51 of Plaintiff's Complaint.

60. Upon information and belief, the Design Defendants admit the allegations contained in Paragraph 52 of Plaintiff's Complaint.

61. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

62. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

### **FIRST CAUSE OF ACTION**
(*Declaratory Judgment – Non-Insured Parties*)

63. The Design Defendants have responded to the allegations referenced in Paragraph 55 of Plaintiff's Complaint. Any remaining allegations are denied.

64. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 on Page 31 of Plaintiff's Complaint (duplicate paragraph number).

65. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37 on Page 32 of Plaintiff's Complaint (duplicate paragraph number).

66. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 on Page 32 of Plaintiff's Complaint (duplicate paragraph number).

67. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39 on Page 32 of Plaintiff's Complaint (duplicate paragraph number).

68. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40 on Page 32 of Plaintiff's Complaint (duplicate paragraph number).

69. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 on Page 32 of Plaintiff's Complaint (duplicate paragraph number).

70. The Design Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42 on Page 32 of Plaintiff's Complaint (duplicate paragraph number).

71. The Design Defendants admit that Plaintiff seeks a declaration as set forth in Paragraph 56 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief sought.

72. The Design Defendants admit that Plaintiff seeks a declaration as set forth in Paragraph 57 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief sought.

73.     The Design Defendants admit that Plaintiff seeks a declaration as set forth in Paragraph 58 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief sought.

**SECOND CAUSE OF ACTION**
(*Declaratory Judgment – No Liability Coverage*)

74.     The Design Defendants have responded to the allegations referenced in Paragraph 59 of Plaintiff's Complaint. Any remaining allegations are denied.

75.     The Design Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

76.     The Design Defendants admit the Selective Way Policies, as identified in Paragraph 22 of Plaintiff's Complaint, contain certain provisions as referenced in Paragraph 61 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

77.     The Design Defendants admit the Selective Way Policies, as identified in Paragraph 22 of Plaintiff's Complaint, contain certain provisions as referenced in Paragraph 62 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

78.     The Design Defendants admit the Selective Way Policies, as identified in Paragraph 22 of Plaintiff's Complaint, contain certain provisions as referenced in Paragraph 63 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

79.     The Design Defendants admit the Selective Way Policies, as identified in Paragraph 22 of Plaintiff's Complaint, contain certain provisions as referenced in Paragraph 64

of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

80. The Design Defendants admit the Selective Way Policies, as identified in Paragraph 22 of Plaintiff's Complaint, contain certain provisions as referenced in Paragraph 65 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

81. The Design Defendants admit the Selective Way Policies, as identified in Paragraph 22 of Plaintiff's Complaint, contain certain provisions as referenced in Paragraph 66 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

82. The Design Defendants admit the Selective Way Policies, as identified in Paragraph 22 of Plaintiff's Complaint, contain certain provisions as referenced in Paragraph 67 of Plaintiff's Complaint, but such provisions speak for themselves and the Design Defendants deny any characterization of such provisions by Plaintiff.

83. The Design Defendants admit that Plaintiff seeks a declaration as set forth in Paragraph 68 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief sought.

84. The Design Defendants admit that Plaintiff seeks a declaration as set forth in Paragraph 69 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief sought.

85. The Design Defendants admit that Plaintiff seeks a declaration as set forth in Paragraph 70 of Plaintiff's Complaint, but denies that Plaintiff is entitled to the relief sought.

86. The Design Defendants admit that Plaintiff seeks the declarations as set forth in the Paragraph beginning with "WHEREFORE" on Page 36 of Plaintiff's Complaint (and

continuing through Page 38 of Plaintiff's Complaint), but denies that Plaintiff is entitled to the relief sought.

## RESERVATION AND NON–WAIVER

87.     Design Defendants reserve the right to assert, and do not waive, any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, having fully responded to Plaintiff's Complaint, Design Defendants pray unto this Honorable Court as follows:

    a.     For a declaration of an obligation on the part of Plaintiff to defend and indemnify;

    b.     For the costs of this action, including attorneys fees; and

    c.     For all such other and further relief as this Court may deem just and proper.

- 14 -

Respectfully submitted,

LYLES & LYLES, LLC

Dated: September 13, 2012

s/*Robert T. Lyles, Jr.*
Robert T. Lyles, Jr.
Federal Bar No. 3029
342 East Bay Street
Charleston, South Carolina 29401
(843) 577-7730

Lee H. Shidlofsky (TX Bar No. 24002937, *pro hac vice pending*)
SHIDLOFSKY LAW FIRM PLLC
7200 N. Mopac Expressway, Suite 430
Austin, Texas 78731
(512) 685-1400

ATTORNEYS FOR DEFENDANTS DESIGN BASICS, LLC, PRO PLANS, LLC AND HOME BUILDERS NETWORK, LLC